## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SYNCHRONY GROUP, LLC, *et al.* | : | NO. 18-602 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                May 23, 2019

        In this case, Plaintiff, a pharmaceutical company that produces and sells, *inter alia*, a drug to treat narcolepsy, has sued Defendant Synchrony, the former marketing contractor for Plaintiff's narcolepsy drug, for a number of alleged violations of their former service agreement as well as for violations of Plaintiff's federal and state trade secret rights. The parties envisioned that, during discovery, they would be exchanging documents which would contain relevant, but proprietary, information for which they would want assurances of confidentiality and minimal, controlled dissemination. To that end, the parties negotiated and signed a Protective Order, on October 12, 2018, which the Honorable Cynthia M. Rufe approved, on October 16, 2018.

        Defendant has produced documents to Plaintiff which concern its business relationship with Harmony BioSciences, LLC, a pharmaceutical company which is seeking FDA approval for a drug – different from Plaintiff's drug – which also treats narcolepsy. Defendant produced those documents, but redacted significant portions of them. Unsatisfied with Defendant's production, Plaintiff complained and, because Judge Rufe had referred all pretrial discovery matters to me on January 10, 2019, on March 29, 2019, I conducted a telephone conference call with counsel for all concerned entities, including Harmony. Thereafter, on May 8, 2019, I ordered Defendant to provide legal authority for each redaction it had made. Defendant has done so; it has also pared

down the number of redactions from its original production. Hence, the propriety of Defendant's redactions is now ready for decision. As will be explained, most of Defendant's remaining, contested redactions are disallowed.

The mutually negotiated Protective Order that controls this case provides for redactions only if the information withheld is (1) neither relevant to the subject of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, or (2) subject to the attorney-client privilege or work-product doctrine. Protective Order at 10. During the March 29 telephone conference, Defendant represented to the court that none of the redactions were based on the attorney-client privilege or work-product doctrine. Hence, under the terms of the Protective Order, the only permissible redactions would be for evidence that was either not relevant or not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, during the March 29 telephone conference, Plaintiff agreed that Defendant could redact all pricing and payment information; therefore, this court will deem those omissions proper.

Defendant's most recent submission, a letter brief (Document No. 49), contains a 14-page log which provides justifications for each of its remaining, contested redactions, along with 40 explanations for the redactions that remain. Only 4 redactions are based upon the evidence not being relevant, i.e., pages SYN 27-29, SYN 88-89, SYN 91-93 and SYN 130-131. These redactions should be upheld and the remainder disallowed pursuant to the terms of the Protective Order.

Defendant seeks to override the Protective Order's paragraph that restricts redaction and, in the log, cites cases from the Southern District of Florida and the Second Circuit to justify its extensive redactions. These cases are not binding on this court or helpful to Defendant.

The Florida case, *In Re: Takata Airbag Products Liability Litigation*, 2016 WL 146014

(S.D. Fla. Mar. 1, 2016), arose in the context of the court deciding the contested provisions of a proposed protective order; the court ruled that a party could redact information that "could provide its competitors with competitively sensitive information to the ultimate detriment of each [producing party]," *id.* at *2, so long as the information was not relevant. *Id.* Since Defendant does not raise irrelevance to justify 36 of its redactions, *Takada* is inapposite.

The Second Circuit case Defendant cites, *New York Times v. Gonzalez*, 459 F.3d 160 (2d Cir. 2006), does not even involve civil discovery. Rather, it involved the government's attempt to discover the source of leaks used by the New York Times to publish stories about the government's efforts to combat terrorism in the wake of the September 11, 2001 World Trade Center bombing. 459 F.3d at 162. The case mentions, in passing, the redaction of documents to be produced for a grand jury investigation, where the documents contain irrelevant and sensitive information. *Id.* at 170. *New York Times* informs this case only as concerns redaction of irrelevant information that is of a sensitive nature. Again, 36 of Defendant's redactions are not for lack of relevance. Absent that factor, *New York Times* does not support Defendant's position. Accordingly, only the challenged redactions for SYN 27-29, SYN 88-89, SYN 91-93 and SYN 130-131 are accepted. All other challenged redactions are rejected and Defendant shall promptly produce those documents without redactions (except for those agreed-to for pricing and payment information) to Plaintiff.

An implementing Order follows.