# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | : | CIVIL ACTION |
| v. | : | |
| SYNCHRONY GROUP, LLC, *et al.* | : | NO. 18-602 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                    May 23, 2019

In this case, Plaintiff, a pharmaceutical company that produces and sells, *inter alia*, a drug to treat narcolepsy, has sued Defendant Synchrony, the former marketing contractor for Plaintiff's narcolepsy drug, for a number of alleged violations of their former service agreement as well as for violations of Plaintiff's federal and state trade secret rights. The parties envisioned that, during discovery, they would be exchanging documents which would contain relevant, but proprietary, information for which they would want assurances of confidentiality and minimal, controlled dissemination. To that end, the parties negotiated and signed a Protective Order, on October 12, 2018, which the Honorable Cynthia M. Rufe approved, on October 16, 2018. On January 10, 2019, Judge Rufe referred all pretrial discovery matters to me.

The Protective Order also envisions that a party may possess documents responsive to a discovery request that may contain information that a non-party considers confidential. Protective Order ("PO") at 12. If it happens that a party is served with a discovery request of this nature, it is bound to inform the non-party so that the non-party can file a motion for a protective order. *Id.* at 12-13. Plaintiff seeks discovery from Defendant which concerns documents that Defendant has exchanged with non-party Harmony Bio-Sciences, LLC. Non-Party Harmony BioSciences, LLC's Motion for Protective Order ("Harmony Mot.") at 1-2. Harmony produces pitolisant, a

different narcolepsy drug from Plaintiff's drug, and is seeking FDA approval for its use in the United States; Defendant provides marketing services to Harmony. Harmony believes that Plaintiff's discovery requests that concern its communications with Defendant are part of Plaintiff's plan to learn about "Harmony's highly sensitive and confidential information and its pitolisant development plan through [Plaintiff's] litigation with [Defendant]." *Id.* 4. Harmony has moved for a protective order to bar this discovery. *Id.* For the reasons expressed below, Harmony's request to bar discovery is denied, but Plaintiff and Defendant shall comply with the terms of the Protective Order to which they agreed.

Under Fed. R. Civ. P. 26(c)(1), Harmony can obtain a protective order if it establishes "good cause" and shows that the proposed discovery will expose it to "annoyance, embarrassment, oppression, or undue burden or expense." Even if Harmony establishes good cause and one of the other factors, this court could order that the confidential information Plaintiff seeks be provided to it in a specified way. Fed. R. Civ. P. 26(c)(1)(G). As explained below, the Protective Order in this case both protects Harmony's legitimate interests and allows Plaintiff to obtain the information it needs.

The Protective Order's broad definition of "confidential information," PO at 2-3, sufficiently encompass the trade secrets and other valuable information that Harmony seeks to protect. *Id.* Moreover, the Protective Order specifically states that a producing party or non-party can designate as confidential any information that could be protected by Fed. R. Civ. P. 26(c). PO at 4. To minimize the dissemination of valuable, confidential information, it may only be disclosed to a "qualified person." *Id.* at 5. The term "qualified person" is limited to outside counsel, no more than two in-house counsel (and the attorney's supporting paralegals and secretaries), persons who are authors, addressees or copyees of the relevant documents, outside independent experts or

consultants who are assisting outside counsel, and the court and court personnel. *Id.* at 4. Any designated person who receives confidential information must read the Protective Order and sign a document which binds the person to respect and comply with all terms of the Protective Order. *Id.* at 5-8. In addition, confidential information disclosed in this litigation is protected from use in any other action and may not be used to prosecute a patent application. *Id*. at 8. All of these provisions amply protect Harmony. Indeed, the provisions in the Protective Order in this case arguably allow greater protections than those ordered by the court in the only case Harmony cites in support of its motion. *See Grant Heilman Photography, Inc. v. Pearson Education, Inc.*, 2012 WL 1521954, *1 (E.D. Pa. Apr. 30, 2012) (the court found that the defendant's confidential information could only be used for that litigation, and could only be disseminated to attorneys actively working on the case, witnesses and deponents of the disclosing party, judges and court staff, court reporters, independent experts that are shown the protective order and agree to be bound by it, parties in the action, other persons which counsel agree to allow).

      An implementing order follows.